COMMONWEALTH *vs.* OTIS ARCHER HOOD
(and a companion case against the same defendant).

Suffolk.   April 4, 1955. — May 3, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Sedition. Jurisdiction,* Federal field, Sedition. *Subversive Organization.*

Contributing money and property having a value in money to the Communist Party, knowing it to be a subversive organization, and becoming and remaining a member of the Communist Party, knowing it to be a subversive organization, are acts within a field which, according to the decision in *Pennsylvania* v. *Nelson,* 350 U. S. 497, has been exclusively occupied by certain Federal statutes, and cannot be made the subject of prosecution by Massachusetts under G. L. (Ter. Ed.) c. 264, §§ 23 and 19, inserted by St. 1951, c. 805, § 3.

Two INDICTMENTS, found and returned on April 8, 1954. The cases were reported by *Murray, J.*

*Arnold H. Salisbury,* Assistant Attorney General, (*Fred L. True, Jr.,* Assistant Attorney General, with him,) for the Commonwealth.

*Gabriel Kantrovitz,* for the defendant.

*Howard S. Whiteside,* by leave of court, submitted a brief as amicus curiae.

QUA, C.J.   These are two indictments returned in April, 1954, charging the defendant respectively with having contributed money and property having a value in money to the Communist Party, knowing it to be a subversive organization, and with becoming and remaining a member of the Communist Party, knowing it to be a subversive organization. The indictments are grounded upon G. L. (Ter. Ed.) c. 264, §§ 23 and 19, inserted by St. 1951, c. 805, § 3.[1]   See

---

[1] "Section 23.   Whoever contributes money or any other property having a value in money to an organization which he knows to be a subversive organization shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than three years, or both."

"Section 19.   Any person who becomes or remains a member of any organization knowing it to be a subversive organization shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than three years or both, provided that this section shall not be construed as reducing the penalty now imposed for the violation of any law."

also § 16A, so inserted, declaring the Communist Party to be "a subversive organization." See now St. 1954, c. 584, §§ 4 and 5.

Both cases are reported by a judge of the Superior Court before trial and without any rulings by him on the questions of law involved. G. L. (Ter. Ed.) c. 278, § 30A, inserted by St. 1954, c. 528.

These cases, we think, like *Commonwealth* v. *Gilbert, ante,* 71, also decided this day, fall within the area of prosecutions for sedition which the Supreme Court of the United States has just held in *Pennsylvania* v. *Nelson,* 350 U. S. 497, has been exclusively preëmpted by statutes of the United States. For reasons similar to those more fully set forth in the *Gilbert* case we think that the statutes of the United States to which reference is there made preclude State action on these indictments.

In each case the defendant's motion to quash the indictment must be allowed.

*So ordered.*

Jᴏʜɴ C. Cᴀʀʀ, Jᴜɴɪᴏʀ *vs.* Bᴏᴀʀᴅ ᴏꜰ Aᴘᴘᴇᴀʟs ᴏꜰ
Mᴇᴅꜰᴏʀᴅ & others.

Middlesex.     January 5, 1956. — May 3, 1956.

Present: Qᴜᴀ, C.J., Rᴏɴᴀɴ, Sᴘᴀʟᴅɪɴɢ, Wɪʟʟɪᴀᴍs, & Cᴏᴜɴɪʜᴀɴ, JJ.

*Equity Pleading and Practice,* Zoning appeal, Parties, Appeal. *Zoning. Municipal Corporations,* Officers and agents.

An appeal to this court by the plaintiff from the final decree entered in a suit in equity in the Superior Court by way of appeal from a decision of a zoning board of appeals under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, must be dismissed where the plaintiff had no standing to maintain such suit. [81]